IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL BOURFF,

        Plaintiff,

v.

RUBIN LUBLIN, LLC,

        Defendant.

CIVIL ACTION NO.

1:09-CV-2437-JEC
**MAGISTRATE SCOFIELD**

## O R D E R

This action is presently before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [9] granting defendant's Motion to Dismiss [2].  The Court has reviewed the record and the arguments of the parties and, for the foregoing reasons, **ACCEPTS** in part the Magistrate Judge's R&R [9] and **GRANTS** defendant's Motion to Dismiss [2].

## BACKGROUND

This case involves a defaulted home mortgage and an allegedly illegal collection notice arising from the default.  (Compl. [1].) In February, 2007, plaintiff obtained a loan from America's Wholesale Lender in the amount of $195,200.[1]  (R&R [9] at 1.)  Plaintiff used the proceeds of the loan to buy property at 1299 Niles Avenue,

---

[1]  Plaintiff does not object to the Magistrate Judge's statement of facts.  (Pl.'s Objections [10].)  The Court thus accepts and adopts the "factual allegations" section of the R&R.  (R&R [9] at 1-3.)  In addition to facts set forth in the R&R, the Court relies directly on the facts alleged in the complaint.

Atlanta, Georgia.  (*Id.*)  The loan was evidenced by a note, and secured by a deed to the property.  (*Id.*)

In April, 2009, plaintiff failed to make a payment on the loan, causing a default under the terms of the note.  (*Id.* at 2.)  In June, 2009, BAC Home Loan Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("BAC") received an assignment of the loan and security deed from America's Wholesale Lender for the purpose of collecting on the note.  (*Id.*)  BAC subsequently retained defendant, a law firm engaged in the business of foreclosing on security deeds and collecting on defaulted promissory notes, to assist in its collection efforts.  (Compl. [1] at ¶¶ 4, 8.)

On May 30, 2009, defendant sent plaintiff a notice stating that defendant had been retained by BAC to collect the loan secured by the property at 1299 Niles Avenue.  (*Id.* at Ex. A.)  The notice indicated that it was being sent pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  (*Id.*)  The notice expressly warned plaintiff that it was sent "in an attempt to collect a debt."  (*Id.*)  It identified BAC as the "creditor" on the loan.  (*Id.*)

Shortly after his receipt of the above notice, plaintiff filed this action pursuant to the FDCPA.  (Compl. [1].)  In the complaint, plaintiff alleges that the notice violated § 1692e of the FDCPA because it contained a false, deceptive, or misleading representation.  (*Id.* at ¶¶ 15, 17.)  Specifically, plaintiff claims that the notice falsely represented that BAC was the "creditor" on

2

the loan, when entities such as BAC are specifically excluded from the definition of the term "creditor" under the FDCPA.   (*Id.* at ¶¶ 12-15.)   As relief for the alleged violation, plaintiff seeks damages, attorney's fees, and litigation expenses.   (*Id.* at 9-10.)

Defendant has filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule 12(b)(6), which is presently before the Court.   (Def.'s Mot. to Dismiss [2].)   Magistrate Judge Scofield issued an R&R recommending that the Court grant defendant's motion. (R&R [9] at 15, 18.)   Plaintiff submitted timely objections to the Magistrate's conclusions.   (Pl.'s Objections [10].)   Pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72, the Court has conducted a careful, *de novo* review of those portions of the R&R to which plaintiff objected.   The Court has reviewed the remainder of the R&R for clear error.

## DISCUSSION

### I.   Standard For Rule 12(b)(6) Dismissal

The Magistrate Judge correctly set forth the standard applicable to defendant's motion to dismiss.   (R&R [9] at 4-7.)   In deciding a motion to dismiss, the Court assumes that all of the allegations in the complaint are true, and construes all of the facts in favor of the plaintiff. *Belanger v. Salvation Army,* 556 F.3d 1153, 1155 (11th Cir. 2009).   That said, a complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss.   *Bell Atl. Corp. v.*

3

AO 72A
(Rev.8/82)

*Twombly*, 550 U.S. 544, 555 (2007).  To avoid dismissal, plaintiff's factual allegations must raise more than a speculative right to relief, and the complaint must include "either direct or inferential allegations respecting all the material elements" of the asserted cause of action.  *Id.* at 555, 560-63.

When ruling on a Rule 12(b)(6) motion, the Court generally cannot rely upon any materials outside of the pleadings.  *Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1267 (11th Cir. 2002).  However, Federal Rule 10(c) provides that exhibits attached to the complaint are part of the pleadings for all purposes, including a Rule 12(b)(6) motion.  FED. R. CIV. P. 10(c)  *See also Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1205 (11th Cir. 2007)(applying Rule 10(c).  Pursuant to Rule 10(c), the Court will consider the allegedly illegal collection notice, the note, and the assignment of the security deed to BAC, which are all attached as exhibits to the complaint.[2]

## II.  **Plaintiff's FDCPA Claim**

The Magistrate Judge also accurately summarized the law applicable to plaintiff's FDCPA claim.  (R&R [9] at 8-13.)  The stated purpose of the FDCPA is to "'eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices

---

[2]  Plaintiff did not object to the Magistrate Judge's reliance upon the exhibits to the complaint in the R&R.  (Pl.'s Objections [10].)

4

are not competitively disadvantaged.'" *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir. 2010)(quoting 15 U.S.C. § 1692(e)). *See also Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998) (the FDCPA is intended to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors"). To that end, § 1692e of the FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e and *LeBlanc,* 601 F.3d at 1190.

Plaintiff claims that defendant violated the above provision by falsely stating in its collection notice that BAC was the "creditor" on his home mortgage loan. (Compl. [1] at ¶ 1.) Defendant argues that the FDCPA is inapplicable here, because the notice was not sent "in connection with the collection of [a] debt" but rather in connection with an attempt to foreclose on a security interest. (Def.'s Br. [2] at 3-6.) Assuming that the FDCPA applies, defendant argues that its conduct did not violate the Act because the notice was factually accurate, and any misstatements were harmless. (*Id.* at 6-8.) The Magistrate Judge agreed with defendant on both points. (R&R [9] at 14, 18.)

### A.   Plaintiff's claim is arguably covered by the FDCPA.

Federal courts have taken different positions on whether foreclosure activities are covered by the FDCPA. Compare *Wilson v.*

AO 72A
(Rev.8/82)

*Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 376 (4th Cir. 2006)(finding "no reason to make an exception to the [FDCPA] when the debt collector uses foreclosure instead of other methods" to collect a debt) and *Montgomery v. Huntington Bank,* 346 F.3d 693, 700 (6th Cir. 2003)(holding that an enforcer of a security interest "falls outside the ambit" of the FDCPA). The Eleventh Circuit recently held that foreclosing on a security interest does not generally qualify as "debt collection" for purposes of the FDCPA. *Warren v. Countrywide Home Loans, Inc.,* 342 Fed. Appx. 458, 460 (11th Cir. 2009). In *Warren,* the Court noted that the FDCPA expressly defines "debt collection" to include the enforcement of a security interest for purposes of § 1692f(6) of the FDCPA, a provision that specifically addresses nonjudicial foreclosures. *Id.* at 460-61. Citing the *expressio unius* principle, the Court reasoned that the enforcement of a security interest should not be considered "debt collection" for purposes of any other section of the Act. *Id.*

Although *Warren* is an unpublished decision, it is a good indicator of the Eleventh Circuit's position on the issue. Moreover, the Court finds the *expressio unius* rationale of *Warren* persuasive. The Court is also persuaded by the reasoning of other courts that have distinguished between the "enforcement of [a] security interest[s]" and the "collection of a debt" as fundamentally different activities. *See Beadle v. Haughey,* 2005 WL 300060 at *2 (D.N.H. 2005) and *Rosado v. Taylor,* 324 F. Supp. 2d 917, 924 (N.D.

6

Ind. 2004).  As the court explained in *Beadle:*

> One receiving debt collection letters may agonize that she
> [or he] cannot comply with them, hence she [or he] needs
> the Act's protection.  One asked to comply with a security
> interest enforcement request, on the other hand, has the
> security that she [or he] can return (unless she [or he]
> has been a malefactor).

*Beadle,* 2005 WL 300060 at * 3.

Applying *Warren*, and other relevant case law, the Court agrees
with the Magistrate Judge that foreclosure on a home mortgage does
not qualify as "debt collection" and is therefore not subject to the
requirements of § 1692e of the FDCPA.  (R&R [9] at 9.)  However, that
legal conclusion does not end the Court's inquiry.  The question
still remains whether defendant was enforcing a security interest or
attempting to collect a debt when it sent the allegedly noncompliant
notice to plaintiff.

Courts that have distinguished between "debt collection" and
"enforcement of [a] security interest[s]" generally have recognized
that, even when a security interest is involved, an entity that
engages in a broader scope of activity than simply seeking
foreclosure on security may subject itself to the FDCPA.  *See Beadle,*
2005 WL 300060 at * 3 (distinguishing cases where the defendant took
action that qualified as general debt collection "rather than focused
action against the security").  Thus, the FDCPA is called back into
play when the enforcer of a security interest seeks a personal
judgment against the debtor for a deficiency, or otherwise attempts
to obtain payment on the underlying debt.  *See Rousseau v. Bank of*

7

*New York,* 2009 WL 3162153 at * 8 (D. Colo. 2009) ("in contrast to a foreclosure that is only against the property, where there is some attempt to collect money in addition to the enforcement of a security interest, an FDCPA claim will lie").

Assuming the allegations in the complaint are true, defendant was not merely trying to foreclose on plaintiff's home when it sent the notice that is at issue here. (Compl. [1] at ¶¶ 1, 8.) Rather, defendant was attempting to collect on the underlying promissory note. (*Id.*) This conclusion is bolstered by the plain language of the notice, which states that defendant has been retained to "collect the loan secured by [plaintiff's] property" and instructs plaintiff to contact defendant to "find out the total current amount needed to either bring [the] loan current or to pay off [the] loan in full." (*Id.* at Ex. A.) The notice advises plaintiff that the collection "*may* involve foreclosure proceedings" but it does not reference any ongoing proceedings. (*Id.*) In fact, it is not apparent from the complaint, or any of its exhibits, that defendant ever initiated a foreclosure.

On summary judgment, defendant might be able to prove that it was not engaged in "debt collection activity" in this case because it

was hired solely to foreclose on plaintiff's home.[3]   However, that conclusion does not necessarily follow from the materials that are properly before the Court at this stage in the litigation.   Plaintiff has sufficiently alleged that defendant sent the notice in an attempt to collect payment on a promissory note.   His allegations are bolstered by the plain language of the notice.   The Court thus rejects defendant's argument, and the Magistrate Judge's conclusion, that plaintiff's claim should be dismissed because the FDCPA is inapplicable.

**B.   Defendant did not violate the FDCPA.**

Nevertheless, the Court agrees with the Magistrate Judge that defendant's motion to dismiss should be granted because plaintiff has not alleged a violation of the FDCPA.   (R&R [9] at 15-19.) Plaintiff's claim purportedly arises under § 1692e of the FDCPA. (Compl. [1].)   As discussed, § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."   15 U.S.C. § 1692e.   Plaintiff claims that defendant violated § 1692e by falsely representing that BAC was

---

[3]   Defendant might also be able to prove that it is not a "debt collector" under the FDCPA because, regardless of its actions in this case, it does not "regularly collect[] or attempt[] to collect . . . debts owed or due or asserted to be owed or due another."   15 U.S.C. § 1692a(6)(defining the term "debt collector" for purposes of the FDCPA).

9

the "creditor" on his loan.[4]   (*Id.* at ¶ 1.)

Claims under § 1692e are analyzed under the "least sophisticated consumer" standard.   *LeBlanc,* 601 F.3d at 1193-94 (citing *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175-77 (11th Cir. 1985)). Applying that standard, the relevant question is whether a particular representation has the capacity to deceive a hypothetical "least sophisticated consumer."   *Id.*   Although he might be naive, the "least sophisticated consumer" is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."   *Id.* at 1194.   The applicable standard thus "prevents liability for bizarre or idiosyncratic interpretations . . . by preserving a quotient of reasonableness."   *Id.*

Plaintiff does not allege that he was actually deceived or misled by the designation of BAC as the creditor on his loan. (Compl. [1].)   Indeed, the name of plaintiff's original lender appears in bold print on the loan documents that plaintiff executed. (*Id.* at Ex. B.)   The Court thus presumes that plaintiff was fully aware of the identity of the creditor.   Moreover, the notice provided plaintiff with an opportunity to correct any misidentification, stating:

---

[4]   BAC is a mortgage loan servicing company that is in the business of calculating and collecting monthly mortgage payments, and foreclosing in the event of a default in the terms of the mortgage. (Compl. [1] at ¶ 10.)   Pursuant to the terms of its agreement with the lender, BAC received an assignment of the deed that secured plaintiff's home after plaintiff defaulted on his mortgage loan April, 2009.   (*Id.* at ¶¶ 11, 13.)

> If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days from receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm.

(*Id.* at Ex. A.)  Plaintiff failed to make a request pursuant to the above provision.

Although plaintiff knew, or at the very least had every opportunity to discover, the identity of the creditor on his loan, he believes that he should be able to recover under the FDCPA because the creditor designation in defendant's notice was technically inaccurate.  The Court disagrees.  As an initial matter, plaintiff concedes that BAC had the legal right to foreclose on his home as a result of the assignment of the security deed.  (*Id.* at ¶ 13 and Ex. C.)  As such, BAC was a "creditor" as that term is commonly understood.  *See* BLACK'S LAW DICTIONARY 396 (8th ed. 2004)(defining "creditor" as an "entity with a definite claim against another") and *Trent v. Mortg. Elec. Registration Sys., Inc.,* 618 F. Supp. 2d 1356, 1363 (M.D. Fla. 2007)(finding no violation of the Florida Consumer Collection Practices Act ("FCCPA") in a similar case).[5]

Even assuming that BAC is not technically a creditor, the Court is of the same view as the Magistrate Judge and the court in *Trent* that the creditor designation was a "harmless mistake in

---

[5]  In upholding *Trent,* the Eleventh Circuit emphasized that the entity designated as the "creditor" had the legal right to foreclose on the debtor's property.  *Trent,* 288 Fed. Appx. 571, 572 (11th Cir. 2008)(per curiam).

11

nomenclature, not an abusive or harassing debt collection practice."
*Trent,* 618 F. Supp. 2d at 1363.  It is simply inconceivable, under
the circumstances presented in this case, that even the most naive
consumer would be misled by the designation of BAC as the creditor on
plaintiff's loan.   Accordingly, the Magistrate Judge correctly
recommended granting defendant's motion to dismiss plaintiff's FDCPA
claim.

## CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** in part the
Magistrate Judge's R&R [9] and **GRANTS** defendant's Motion to Dismiss
[2].


SO ORDERED, this 22 day of September, 2010.


_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

12